[No. 5831.  Decided February 6, 1906.]

*In the Matter of the Estate of* JEREMIAH W. FARNHAM,
*Deceased.*

S. F. WILTSIE, *Appellant,* v. J. C. YOUNG, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS — LETTERS — ISSUANCE — REVOCA-
TION. A creditor of an estate who agrees with the heirs to wait for
his pay until the heirs return from the funeral of the deceased in
a distant state, is not entitled to apply for letters of administration
until such return, and letters issued to him should be revoked upon
application of the heirs.

APPEAL AND ERROR—FINDINGS—FORM. Findings of fact and con-
clusions of law need not be separately stated in equitable or probate
proceedings tried without a jury.

APPEAL—REVIEW—STATEMENT OF FACTS. An order revoking let-
ters of administration will not be reviewed on appeal in the absence
of a bill of exceptions or a statement of facts.

APPEAL—REVIEW—DISCRETION—APPOINTING SUCCESSOR TO ADMINIS-
TRATOR. Where letters of administration are properly revoked, the
discretion of the trial court in appointing a successor will not be
reviewed on appeal.

Appeal from an order of the superior court for King
county, Frater, J., entered May 18, 1905, in favor of the
petitioner, after a hearing on the merits, revoking letters of
administration, upon application of next of kin. Affirmed.

*Vince H. Faben,* for appellant.

*Wiley, Herr & Bayley,* for respondent.

RUDKIN, J.—On the 20th day of February, 1905, J. W.
Farnham died intestate in King county leaving an estate
therein subject to administration. On the 4th day of March,
1905, the appellant Wiltsie filed his petition in the superior
court of said county praying that he be appointed adminis-
trator of said estate. On the 16th day of March, 1905, an
order was regularly entered, granting the prayer of said peti-

1Reported in 84 Pac. 602.

tion and appointing the appellant as such administrator. The heirs and the next of kin of the deceased consisted of a brother, two sisters, and a son of a deceased brother. One of the sisters resided with the deceased in the city of Seattle up to the time of his death. The other heirs were nonresidents of the state.

On the 9th day of March, 1905, the two sisters and the nephew of the deceased prepared a petition asking for the appointment of John C. Young as administrator of said estate, said Young being a son-in-law of Nancy S. Boyd, a sister of the deceased. This petition was prepared at San Francisco, California, whither the parties had gone to attend the funeral of the deceased. On the return of the respondent Young from California with said last mentioned petition, he discovered that the appellant had been appointed administrator of the estate during his absence. The respondent thereupon filed a petition, and afterwards an amended petition, asking for the revocation of the letters issued to the appellant, and that the respondent be appointed administrator in his stead.

The appellant appeared in opposition to this petition, in obedience to a citation served upon him, and a demurrer interposed by him to the amended petition was overruled. A hearing was thereupon had, and the court made an order granting the prayer of the petition, revoking the letters issued to the appellant, and appointing the respondent administrator in his stead. From this order an appeal has been prosecuted to this court.

In addition to the foregoing facts, the amended petition averred:

"That a few days after the death of said Jeremiah W. Farnham, your petitioner, as representing the heirs of said deceased, was attending to the settlement of some of the debts which had been incurred by the intestate during his last illness, and that while so doing he met the administrator appointed herein, Dr. S. F. Wiltsie, for the first time; that at

this meeting your petitioner asked for said Wiltsie's bill, to which said Wiltsie replied that he did not have it; that if your petitioner would go to the office of said Wiltsie, he Wiltsie, would furnish a bill, which petitioner did; that at that time said Wiltsie presented a bill against said estate for Fifty Dollars ($50) for services rendered; thereupon and at said first conversation with said Wiltsie, your petitioner offered to pay said amount, but said he would prefer if said Wiltsie would wait until he returned from the funeral, which would be in about two or three weeks from that time. Thereupon said Wiltsie replied that he was willing to wait until your petitioner returned to Seattle; that relying upon said conversation and the promise of said Wiltsie, your petitioner postponed the payment of said claim until he should return to the city of Seattle; that the claim of said Wiltsie is the only claim outstanding and unpaid now held against said estate except such as have been paid by your petitioner and such as are held by the heirs of the deceased so far as your petitioner is advised."

If these facts are true, we think the court was fully warranted in revoking the letters of administration issued to the appellant. His right to administer upon the estate arose solely from the fact that he was a creditor of the deceased. If he entered into the agreement set forth in the amended petition this would constitute a waiver of his right to administer upon the estate, at least until the expiration of the time at which the respondent agreed to return and pay the bill, and his conduct in violating this agreement and obtaining his own appointment as administrator while the respondent and next of kin were attending the funeral of the deceased in a distant state should not be countenanced by the courts. The demurrer to the amended petition was properly overruled.

The appellant further objects to the order of removal on the ground that the findings of fact and conclusions of law made by the trial court on the hearing of the petition for removal were not separately stated. This requirement of the statute only applies to actions at law tried without a jury. It does not apply to equitable proceedings nor by analogy to

probate proceedings. There is no statement of facts or bill of exceptions, and in the absence of the testimony, this court will not review the order revoking the letters of the appellant.

It is further contended that the heirs and next of kin have no right to nominate or request the appointment of a third person as administrator of the estate. This question does not arise in this case. We hold that the letters of the appellant were properly revoked, and will not review the discretion of the trial court in appointing his successor.

We find no error in the record and the judgment is affirmed.

Mount, C. J., Crow, Dunbar, Root, Hadley, and Fullerton, JJ., concur.